MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: LI YU
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Tel: (212) 637-2734
Fax: (212) 637-2686
Email: li.yu@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

UNITED STATES OF AMERICA,

        Plaintiff,

  - v -

DAVID ARENS, EILEEN M. ARENS, 1349
TENANTS CORPORATION, WASHINGTON
MUTUAL BANK, and JOHN DOES NUMBERS 1 to
10 (Persons or Entities with an Interest in the Property
Described Herein),

        Defendants.

------------------------------------------------------------------ x

ECF Case

07 Civ. _____

**COMPLAINT**

      Plaintiff, the United States of America, by its attorney Michael J. Garcia, the United States Attorney for the Southern District of New York, alleges for its Complaint, upon information and belief, as follows:

      1.     This is a civil action brought by the United States of America (the "Plaintiff"), to (a) reduce to judgment certain assessments of federal income tax liabilities owed by defendant David Arens and (b) enforce and foreclose federal tax liens upon the real and personal property owned by David Arens – in particular, his interest in 327 shares of common stock in 1349 Tenants Corporation, representing an interest in a cooperative apartment, Apartment no. 63 at 1349 Lexington Avenue in New York County, New York (the "Apartment"), to which David

Arens also holds an interest, as joint tenants with his wife Eileen M. Arens, under a proprietary lease.

2.   This action has been authorized and requested by a delegate of the Secretary of the Treasury and is brought at the direction of the Attorney General of the United States pursuant to the provisions of 26 U.S.C. §§ 7401 and 7403, as amended.

## JURISDICTION AND VENUE

3.   Jurisdiction over this action is conferred upon the Court by 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. §§ 7402(a) and 7403(a), as amended.

4.   Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1396 because David Arens resides in the Southern District of New York, because the Apartment is located in Southern District of New York, and because the tax liability giving rise to this action accrued while David Arens resided within the Southern District of New York.

## THE PARTIES

5.   Defendants David Arens and Eileen M. Arens (collectively, the "Arens") are husband and wife whose last known address is Apartment no. 63, 1349 Lexington Avenue, New York, New York 10128.  For the tax periods relevant to this lawsuit – the years ending on December 31, 1995, December 31, 1996, December 31, 1997, and December 31, 2002 (the "Relevant Tax Periods"), David and Eileen M. Arens filed separate federal income tax returns. Since on or about August 28, 1985, the Arens have owned 327 shares of common stock in 1349 Tenants Corporation (the "Coop Shares"), representing an interest in the Apartment.  In connection with their ownership of the Coop Shares, the Arens have held, as joint tenants with rights of survivorship, a proprietary lease on the Apartment.  David Arens is named as a defendant because he owes Plaintiff over $300,000 in unpaid taxes and statutory interest and additions, plus interest and additions that continue to accrue according to law.  Eileen M. Arens

is named as a defendant pursuant to 26 U.S.C. § 7402(b) because she has, or may claim, an interest in the Apartment.

6. Defendant 1349 Tenants Corporation (the "1349 Tenants Corp.") is a New York corporation with its offices located at 1349 Lexington Avenue, New York, New York 10128 and is named as a defendant pursuant to 26 U.S.C. § 7402(b) because it has, or may claim, an interest in the Apartment. 1349 Tenants Corp. owns the land and the residential building at 1349 Lexington Avenue, New York, New York 10128, in which the Apartment is located. On or about August 28, 1985, the Arens were issued a stock certificate for 327 shares of common stock in 1349 Tenants Corp – the Coop Shares. In connection with their ownership of the Coop Shares, the Arens have possessed, as joint tenants with the rights of survivorship, a proprietary lease from 1349 Tenants Corp. on the Apartment.

7. Defendant Washington Mutual Bank ("Washington Mutual") is a federal savings bank having its principal place of business in Seattle, Washington and is named as a defendant pursuant to 26 U.S.C. § 7402(b) because it has, or may claim, an interest in the Apartment. In January 2002, Washington Mutual acquired Dime Savings Bank of New York ("Dime Savings") and took over loans and mortgages extended by Dime Savings, including, in particular, a loan in the principal amount of $200,000 that Dime Savings had extended to the Arens on or about August 28, 1985. In connection with extending a mortgage to the Arens, Dime Savings filed UCC financing statements, which list the Arens's interest in the Apartment as collateral, with the Office of the Register for New York County and the New York Department of State on or about, respectively, October 30, 1985 and January 21, 1986.

8. Defendants John Does Numbers 1 to 10 are fictitious persons or entities unknown to Plaintiff but who may claim an interest in the Apartment.

3

## FACTUAL ALLEGATIONS

A.  David Arens's Tax Liabilities

9. David Arens did not file his federal income tax returns for the years ending on December 31, 1995, 1996 and 1997, until several months beyond the extension of time to file those returns. After filing those returns late, he has not paid the federal income taxes he owed for those periods. David Arens also has not paid the federal income taxes he owes for the year ending on December 31, 2002. Accordingly, on the dates set forth below, a duly authorized delegate of the Secretary of the Treasury made assessments against David Arens for deficiencies in the payments of his federal income taxes for the Relevant Tax Periods, in the amounts as follows:

| Tax Period Ending On | Date of Assessment | Amount of Assessment[1] |
|---|---|---|
| 12/31/1995 | April 28, 1997 | $124,342.10 |
| 12/31/1996 | May 4, 1997 | $82,381.59 |
| 12/31/1997 | April 5, 1999 | $60,652.66 |
| 12/31/2002 | May 26, 2003 | $41,621.58 |

10. By reason of the foregoing, and pursuant to 26 U.S.C. § 6321 and 6322, federal tax liens arose as of the dates of the assessments, as listed in paragraph 9 above, in favor of Plaintiff upon all property and rights to property of David Arens.

11. On March 22, 1998, the IRS filed a Notice of Federal Lien (the "March 22, 1998 Lien") against David Arens in New York County, New York – the county in which the Apartment is located, for his federal income deficiencies for tax year 1996.

---

[1] The amounts listed reflect the amounts that are due and owing as of December 7, 2007 for the tax periods listed. These amounts were calculated based on information available as of November 1, 2007.

4

12. On June 8, 2001, the IRS filed a Notice of Federal Lien (the "June 8, 2001 Lien") against David Arens in New York County, New York, for his federal income deficiencies for tax year 1997.

13. On November 18, 2003, the IRS filed a Notice of Federal Lien (the "November 18, 2003 Lien") against David Arens in New York County, New York for his federal income deficiencies for tax year 2002.

14. On December 6, 2007, the IRS re-filed a Notice of Federal Lien (the "December 6, 2007 Lien") against David Arens in New York County, New York for his federal income deficiencies for tax year 1995.[2]

15. The IRS has exhausted all administrative remedies in attempting to collect the amounts due from David Arens.

First Claim for Relief<br>(Reducing Liens to Judgment)

16. The allegations of paragraphs 1 through 15 above are hereby repeated and realleged as though fully set forth herein.

17. As of December 7, 2007, David Arens owes assessed and unpaid federal tax liabilities as listed in paragraph 9 above. His unpaid federal income taxes for the Relevant Tax Periods, together with statutory interest and penalties, as of December 7, 2007, totals $308,997.93, plus any statutory interest and penalties that will accrue after December 7, 2007.

18. As for its first claim for relief, Plaintiff seeks to reduce the aforementioned tax assessments to judgment.

---

[2] The IRS previously had filed a Notice of Federal Tax Lien covering the 1995 tax deficiencies against David Arens in New York County, New York, on July 16, 1997.

## Second Claim for Relief
### (Foreclosure)

19. The allegations of paragraphs 1 through 18 above are hereby repeated and realleged as though fully set forth herein.

20. The March 22, 1998, June 8, 2001, November 18, 2003 and December 6, 2007, Liens (collectively, the "IRS Liens") are in force and attach to all property or right to property of David Arens. By this action, Plaintiff seeks to foreclose those liens against property or right to property owned by David Arens as of the dates that the IRS Liens were filed — specifically, David Arens's interests in the Apartment.

21. Federal tax liens in favor of Plaintiff and against David Arens attached to his interests in the Apartment on the dates on which a duly authorized delegate of the Secretary of the Treasury made assessments against David Arens for tax deficiencies for each of the years during the Relevant Tax Periods. Accordingly, the IRS Liens attached to David Arens's interests in the Apartment.

22. No other action has been commenced at law, or otherwise, for the recovery of the sum subject to the IRS Liens or any part thereof.

WHEREFORE, Plaintiff demands judgment against the defendants as follows:

(a) reducing to judgment David Arens's federal income tax liabilities for the Relevant Tax Periods which, including unpaid taxes, interest, fees, statutory additions, totals $308,997.93 as of December 7, 2007, plus any interest and statutory additions accruing thereupon after December 7, 2007, less any payment made;

(b) declaring that the defendants, and all other persons whose interest in the Apartment is subordinate to or recorded after the attachment of the IRS Liens be forever barred and foreclosed from all right, title, claim, lien or other interest in the Apartment;

(c)     directing foreclosure of the IRS Liens upon the Apartment and sale of the Apartment, pursuant to 28 U.S.C. §§ 2001 and 2004, by the United States Marshal or his representatives with the proceeds to be applied to the amounts due Plaintiff under the IRS Liens, together with interest to the date of such payment, plus costs and disbursements of this action;

(d)     adjudging David Arens liable for a deficiency judgment in the event that a deficiency amount remains owed to Plaintiff after the proceeds from a sale of the Apartment have been applied to David Arens's federal tax liabilities and other debts;

(e)     directing that any current occupants of the Apartment vacate the Apartment on or before the date of foreclosure upon the IRS Liens; and

(f)     granting Plaintiff its costs and disbursements associated with this action and such further relief as the Court may deem just and proper.

Dated: New York, New York
       December 7, 2007

MICHAEL J. GARCIA
United States Attorney
Attorney for Defendant

By: _____
LI YU
Assistant United States Attorney
Tel.: (212) 637-2734
Fax: (212) 637-2686
Email: li.yu@usdoj.gov