UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>     Plaintiff(s).<br><br>vs.<br><br>**DAVID ARENS, EILEEN M. ARENS, 1349 TENANTS CORPORATION, WASHINGTON MUTUAL BANK, AND JOHN DOES NUMBERS 1 TO 10 (PERSONS OR ENTITIES WITH AN INTEREST IN THE PROPERTY DESCRIBED HEREIN),**<br><br>     Defendant(s). | DOCKET NO.: 07 CV 11115<br><br>Civil Action<br><br>ANSWER OF<br>WASHINGTON MUTUAL BANK |

    Defendant, **WASHINGTON MUTUAL BANK,** by and through its attorneys, Fein, Such, Kahn & Shepard, P.C., by way of Answer to the Complaint states that:

1. **WASHINGTON MUTUAL BANK** has neither the information nor the knowledge sufficient to either affirm or deny the allegations contained in Paragraph 1 of the Complaint and leaves Plaintiff to its proofs.

2. **WASHINGTON MUTUAL BANK** has neither the information nor the knowledge sufficient to either affirm or deny the allegations contained in Paragraph 2 of the Complaint and leaves Plaintiff to its proofs.

**JURISDICTION AND VENUE**

3. To the extent the allegations in this Paragraph 3 of the Complaint call for a legal conclusion, no response is required. To the extent the allegations state facts or alleged wrongdoing on behalf of **WASHINGTON MUTUAL BANK** of this paragraph, said allegations are specifically denied.

4.  To the extent the allegations in this Paragraph 4 of the Complaint call for a legal conclusion, no response is required. To the extent the allegations state facts or alleged wrongdoing on behalf of **WASHINGTON MUTUAL BANK**, said allegations are specifically denied.

### The Parties

5.  **WASHINGTON MUTUAL BANK** has neither the information nor the knowledge sufficient to either affirm or deny the allegations contained in Paragraph 5 of the Complaint and leaves Plaintiff to its proofs.

6.  **WASHINGTON MUTUAL BANK** has neither the information nor the knowledge sufficient to either affirm or deny the allegations contained in Paragraph 6 of the Complaint and leaves Plaintiff to its proofs.

7.  **WASHINGTON MUTUAL BANK** admits the allegations contained in Paragraph 7 of the Complaint, however, to the extent that the allegations allege any wrongdoing on the part of **WASHINGTON MUTUAL BANK**, said allegations are specifically denied.

8.  **WASHINGTON MUTUAL BANK** has neither the information nor the knowledge sufficient to either affirm or deny the allegations contained in Paragraph 8 of the Complaint and leaves Plaintiff to its proofs.

### FACTUAL ALLEGATIONS

9.  **WASHINGTON MUTUAL BANK** has neither the information nor the knowledge sufficient to either affirm or deny the allegations contained in Paragraph 9 of the Complaint and leaves Plaintiff to its proofs.

10. **WASHINGTON MUTUAL BANK** has neither the information nor the knowledge sufficient to either affirm or deny the allegations contained in Paragraph 10 of the Complaint and leaves Plaintiff to its proofs.

11. **WASHINGTON MUTUAL BANK** has neither the information nor the knowledge sufficient to either affirm or deny the allegations contained in Paragraph 11 of the Complaint and leaves Plaintiff to its proofs.

12. **WASHINGTON MUTUAL BANK** has neither the information nor the knowledge sufficient to either affirm or deny the allegations contained in Paragraph 12 of the Complaint and leaves Plaintiff to its proofs.

13. **WASHINGTON MUTUAL BANK** has neither the information nor the knowledge sufficient to either affirm or deny the allegations contained in Paragraph 13 of the Complaint and leaves Plaintiff to its proofs.

14. **WASHINGTON MUTUAL BANK** has neither the information nor the knowledge sufficient to either affirm or deny the allegations contained in Paragraph 14 of the Complaint and leaves Plaintiff to its proofs.

15. **WASHINGTON MUTUAL BANK** has neither the information nor the knowledge sufficient to either affirm or deny the allegations contained in Paragraph 15 of the Complaint and leaves Plaintiff to its proofs.

### FIRST CLAIM FOR RELIEF

16. **WASHINGTON MUTUAL BANK** repeats and realleges each and every answer to the previous 15 paragraphs of the Complaint as though set forth more fully herein at length.

17. **WASHINGTON MUTUAL BANK** has neither the information nor the knowledge sufficient to either affirm or deny the allegations contained in Paragraph 17 of the Complaint and leaves Plaintiff to its proofs.

18. To the extent the allegations contained in Paragraph 18 of the Complaint call for legal conclusion, no response is required. To the extent the allegations of this paragraph state facts or allege wrongdoing on behalf of **WASHINGTON MUTUAL BANK**, said allegations are specifically denied.

## SECOND CLAIM FOR RELIEF

19. **Washington Mutual Bank** repeats and realleges each and every answer of the previous 18 paragraphs of the Complaint as though set forth more fully herein at length.

20. To the extent the allegations contained in Paragraph 20 of the Complaint call for a legal conclusion, no response is required. As to the extent the allegations of this paragraph state facts or allege wrongdoing on behalf of **WASHINGTON MUTUAL BANK**, said allegations are specifically denied.

21. To the extent the allegations contained in Paragraph 21 of the Complaint call for legal conclusion, no response is required. As to the extent the allegations state facts or allege wrongdoing on behalf of **WASHINGTON MUTUAL BANK**, said allegations are specifically denied.

22. **WASHINGTON MUTUAL BANK** has neither the information nor the knowledge sufficient to either affirm or deny the allegations contained in Paragraph 22 of the Complaint.

**WHEREFORE, WASHINGTON MUTUAL BANK** demands judgment dismissing the Complaint in its entirety together with costs, attorney's fees and such other and further relief as this Court deems equitable and just.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

**WASHINGTON MUTUAL BANK'S** interest in the subject property cannot be foreclosed by Plaintiff, since its interest in said property is superior to that of Plaintiff.

Dated: February 11, 2008

By: /s/ Gregg P. Tabakin
**GREGG P. TABAKIN** (GT-5893)
Fein, Such, Kahn & Shepard, P.C.
Atty. for Deft, **WASHINGTON MUTUAL BANK**
747 Chestnut Ridge Road, Suite 200
Chestnut Ridge, NY 10977
Tel: (845) 371-4700

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff(s).<br><br>vs.<br><br>DAVID ARENS, EILEEN M. ARENS, 1349 TENANT'S CORPORATION, WASHINGTON MUTUAL BANK, AND JOHN DOES NUMBERS 1 TO 10 (PERSONS OR ENTITIES WITH AN INTEREST IN THE PROPERTY DESCRIBED HEREIN),<br><br>                Defendant(s). | DOCKET NO.: 07 CV 11115<br><br>Civil Action<br><br>AFFIDAVIT OF SERVICE |

I, Gregg P. Tabakin, Esq., attorney with Fein, Such, Kahn & Shepard, P.C., being duly sworn, deposes and says:

1.    That deponent is not a party to the action and is over the age of eighteen (18) years.

2.    On February 11, 2008, Defendant, **WASHINGTON MUTUAL BANK'S** Answer and the within Affidavit of Service was filed with the US District Court for the Southern District of New York via ECF.

3.    That on February 11, 2008, I caused a copy of the Answer and the within Affidavit of Service of Defendant, **WASHINGTON MUTUAL BANK** to be served upon:

        Michael J. Garcia, Esq.
        United States Attorney for the
        Southern District of New York
        86 Chambers Street, Third Floor
        New York, New York 10007
        Attn:  Li Yu, Assistant US Attorney

by depositing a true copy of same enclosed in a postpaid, properly addressed First Class mail

wrapper, in an official depository under the exclusive care and custody of the United States Post Office.

February 11, 2008                    /s/ Gregg P. Tabakin
                                     _____
                                     **GREGG P. TABAKIN, ESQ.** (GT-5893)
                                     Fein, Such, Kahn & Shepard, P.C.
                                     Atty. for Deft, **WASHINGTON MUTUAL BANK**
                                     747 Chestnut Ridge Road, Suite 200
                                     Chestnut Ridge, NY 10977
                                     Tel:  (845) 371-4700
                                     Fax: (973) 397-2976