MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: LI YU
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Tel: (212) 637-2734
Fax: (212) 637-2686



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
UNITED STATES OF AMERICA,

    Plaintiff,

- v -

DAVID ARENS, EILEEN M. ARENS, 1349
TENANTS CORPORATION, WASHINGTON
MUTUAL BANK, and JOHN DOES NUMBERS 1 to
10 (Persons or Entities with an Interest in the Property
Described Herein),

    Defendants.
------------------------------------------------------------ x

07 Civ. 11115 (GBD)

ECF Case

**STIPULATION & ORDER**

    WHEREAS, on December 7, 2007, plaintiff the United States of America ("the Government") filed a complaint in this matter ("the Complaint"), on behalf of the Internal Revenue Service ("IRS");

    WHEREAS, the Government's first claim for relief seeks to reduce to judgment assessments of the federal tax liabilities of defendant David Arens for unpaid taxes, penalties, interest, and a lien fee relating to tax years ending on December 31, 1995, December 31, 1996, December 31, 1997 and December 31, 2002 (the "Relevant Tax Years");

    WHEREAS, the Government's second claim for relief seeks to foreclose on tax liens upon David Arens's interest in 327 shares of common stock in 1349 Tenants Corporation, which

represent an interest in Apartment no. 63 at 1349 Lexington Avenue in New York County, New York, a cooperative apartment (the "Apartment");

WHEREAS, the only defendant to have served or filed an answer to the Complaint is Washington Mutual Bank ("Washington Mutual"), the holder of a mortgage on the Apartment;

WHEREAS, the Government and David Arens agree that on April 28, 1997, a duly authorized delegate of the Secretary of the Treasury made assessments against David Arens for deficiencies in the payment of his federal income taxes for the tax year ending on December 31, 1995;

WHEREAS, the Government and David Arens agree that on May 4, 1998, a duly authorized delegate of the Secretary of the Treasury made assessments against David Arens for deficiencies in the payment of his federal income taxes for the tax year ending on December 31, 1996;

WHEREAS, the Government and David Arens agree that on April 5, 1999, a duly authorized delegate of the Secretary of the Treasury made assessments against David Arens for deficiencies in the payment of his federal income taxes for the tax year ending on December 31, 1997;

WHEREAS, the Government and David Arens agree that on May 26, 2003, a duly authorized delegate of the Secretary of the Treasury made assessments against David Arens for deficiencies in the payment of his federal income taxes for the tax year ending on December 31, 2002;

WHEREAS, the Government and David Arens agree that, promptly after the above dates of assessment, the IRS issued notices of assessment and demands for payment to him for the Relevant Tax Years;

WHEREAS, the Government and David Arens agree that, as of the present date, David Arens has not satisfied his federal tax liabilities for the Relevant Tax Years, including tax, interest, and penalties;

WHEREAS, the Government and David Arens agree that as of December 7, 2007, David Arens's liability to the United States for unpaid federal tax liabilities for the Relevant Tax Years, including tax, interest, and penalties, amounted to $308,997.93, with statutory interest and additions continuing to accrue on that amount;

WHEREAS, based on the foregoing, there is no just reason for delay and the Government is entitled to have the aforementioned tax assessments reduced to judgment pursuant to Federal Rules of Civil Procedure 54(b), as requested in the first claim for relief stated in the Complaint;

WHEREAS, the only matter remaining open in this proceeding is the Government's second claim for relief stated in the Complaint, i.e., the foreclosure claim; and

WHEREAS, the parties desire to resolve this matter without the need for further litigation,

NOW, THEREFORE, in consider of the foregoing and the promises contained herein, it is hereby stipulated that:

1. David Arens is liable to the United States for unpaid federal tax liabilities for the Relevant Tax Years, including tax, interest and penalties, in the total amount of $308,997.93, with statutory interest and additions continuing to accrue on that amount.

2. Judgment shall be granted to the Government pursuant to Federal Rules of Civil Procedure 54(b) as to the first claim for relief stated in the Complaint, in the form annexed hereto as Exhibit A; and the Clerk of Court shall enter the judgment forthwith. Enforcement of that judgment shall be subject to the terms of paragraphs 4 and 5 herein.

3. This matter shall remain open solely as to the Government's second claim for relief seeking foreclosure on Arenses' interest in the Apartment (the "Foreclosure Claim").

4. On account of his federal tax liabilities for the Relevant Tax Years, David Arens shall pay to the Government by certified check(s) a total of $308,997.93 (the "Due Amount"), plus such additional statutory interest as applicable pursuant to sub-section (a) in this paragraph, within twelve months from the entry of this Stipulation and Order;

   a. if David Arens fails to pay the entire Due Amount to the Government within six months of the entry of this Stipulation and Order, statutory interest shall start to accrue upon any outstanding portion of the Due Amount until such time as the Due Amount and such additional interest has been fully paid.

5. Subject to the David Arens's compliance with the terms of this Stipulation and Order, the Foreclosure Claim shall be held in abeyance. However, if David Arens fails to make the payments to the United States according to the schedule set forth in paragraph "4" above, or otherwise obtains the Government's consent for an additional extension of time for him to make such payments, the Government may reactivate the Foreclosure Claim by filing a notice in this action. In that event, the Foreclosure Claim shall proceed forthwith, with the full cooperation of David Arens.

6. Notwithstanding anything contained herein, Washington Mutual shall have the right, at its sole discretion, to commence any legal proceedings and take such other actions as it deems appropriate to protect its rights under its mortgage to the Arenses relating to the Apartment and any interest that it may have in the Apartment. Nothing in this Stipulation shall be deemed to create a default by the Arenses of their mortgage with Washington Mutual Bank.

7. Upon the Government's receipt from David Arens of the Due Amount in full, the parties agree that (i) all federal tax liens, federal tax levies, restraints and all other encumbrances

relating to or arising from David Arens's federal tax liabilities the Relevant Tax Years that the IRS has filed on or against any of David Arens's assets or which are a matter of public record shall be deemed satisfied in full and released, and (ii) the parties shall execute a stipulation of dismissal of this action, with prejudice and without costs to any party, to be submitted to the Court for approval.

Dated: New York, New York
July 8, 2008

MICHAEL J. GARCIA
UNITED STATES ATTORNEY
Attorney for Plaintiff the United States

By: s/ Li Yu
LI YU
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone No. (212) 637-2734
Facsimile No. (212) 637-2686
Email: Li.Yu@usdoj.gov

Dated: Parsippany, New Jersey
July 8, 2008

FEIN, SUCH FEIN, SUCH, KAHN & SHEPARD, P.C
Attorneys for Washington Mutual

By: _____
GREGG P. TABAKIN, Esq.
7 Century Drive, Suite 201
Parsippany, NJ 07054
Telephone No. (845) 371-4700
Facsimile No. (973) 538-3234
Email: Gtabakin@feinsuch.com

Dated: New York, New York
July 8, 2008

Attorneys for David and Eileen M. Arens

By: _____
MAURICE A. REICHMAN, Esq.
20 Vesey Street,
New York, N.Y 10007
Telephone No. (212) 227-8448
Facsimile No. (212) 385-9279
Email: Maurice@mareichman.com

SO ORDERED:

_George B. Daniels_
HON. GEORGE B. DANIELS

Dated: JUL 10 2008

5